# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00015 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **TONY RUSSELL SHRADER**, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Dennis H. Lee, Special Assistant United States Attorney, Tazewell, Virginia; Tony Russell Shrader, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the record, I find that the government's Motion to Dismiss must be granted in part and denied in part and that the defendant's claim of ineffective assistance regarding appeal requires further development through an evidentiary hearing.

I

A grand jury of this court returned a multi-count Superseding Indictment on August 26, 2008, charging that between November 1, 2006, and April 1, 2008, Tony Russell Shrader knowingly possessed a firearm after having been convicted of a

felony, in violation of 18 U.S.C.A. § 922(g) (West Supp. 2010) (Count Six).[1]  Shrader entered into plea negotiations with the government, and on January 12, 2009, pleaded guilty to this charge, pursuant to a written Plea Agreement.  Finding that his prior convictions qualified him for a sentencing enhancement, I sentenced Shrader to 180 months imprisonment, the mandatory minimum sentence under 18 U.S.C.A. § 924(e) (West Supp. 2010).  He did not appeal.  Shrader timely filed this § 2255 motion, alleging numerous claims of ineffective assistance of counsel.

II

In a § 2255 motion, the defendant bears the burden of proving the grounds for collateral attack by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  Where the defendant's motion, when viewed against the record, does not state a claim for relief, the court should summarily dismiss the motion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

The government has filed a Motion to Dismiss, arguing that all claims must be dismissed as waived pursuant to the Plea Agreement, or in the alternative, that the

---

[1] The Superseding Indictment also charged sixteen other individual with criminal violations related to a conspiracy to distribute oxycodone, morphine, and methadone.

claims are without merit. Shrader has responded, making the matter ripe for disposition.

### A. PLEA AGREEMENT WAIVER OF § 2255 RIGHTS.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is intelligent and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

"[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. If the court determines that the defendant's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotations and citations omitted).

Before accepting Shrader's guilty plea, I questioned him thoroughly to ensure that his plea was knowing and voluntary. Shrader stated that he was 38 years old and had completed the ninth grade in school. He stated that in 2006 he had been hospitalized for a week after threatening to commit suicide, but had received no medication or treatment since then. He also denied that he was under the influence of any medication or alcohol at the time of the plea.

Shrader affirmed that he had had adequate time to read and review the charges with counsel and understood them. He affirmed that he had signed and initialed each page of the Plea Agreement as an indication that he had read and reviewed it with counsel and understood it. He also affirmed that he was fully satisfied with counsel's representation. Counsel for the government then summarized the terms of the Plea Agreement. Shrader indicated his understanding that if the court determined at sentencing that he had at least three prior convictions for serious drug offences and/or violent felonies, he would face a mandatory minimum sentence of imprisonment for a term of 15 years and that without the requisite number of prior convictions, he would face no mandatory minimum and a maximum sentence of 10 years.

I expressly questioned Shrader about his understanding of the Plea Agreement provisions whereby he waived his right to appeal and his right to bring a collateral attack under § 2255, and he affirmed his understanding of these waivers. I asked him

if anyone had promised him anything outside the Plea Agreement that caused him to plead guilty, and he denied it.

I asked if Shrader understood that the sentence imposed might be different from any estimate his attorney had given him, and he affirmed his understanding. I reviewed with Shrader the elements of the offense that the government would have to prove at trial, and he affirmed that he understood. I asked Shrader if he was pleading guilty because he was, in fact, guilty, and he answered, "Yes, sir." (Plea Tr. 41-42, Jan. 26, 2009.)

The prosecutor then offered a summary of the evidence in support of the plea. The government would have presented evidence that when officials interviewed Shrader in the course of a drug conspiracy investigation, after he had been given *Miranda* warnings, he admitted that he had traded firearms to Kenneth Ray Stevens in exchange for narcotics; that Shrader was a convicted felon at the time he possessed these firearms; and that the firearms had traveled in interstate commerce as required. Shrader did not dispute any of this evidence, denied that he had any further questions for the court or counsel, and affirmed his intention to plead guilty to the § 922(g) charge.

Shrader's statements during the guilty plea colloquy offered no indication that he was not competent to enter a valid guilty plea, that he did not understand the

proceedings, or that he was not voluntarily pleading guilty. I find from this record that Shrader's guilty plea and the waiver of his right to bring this collateral attack under § 2255 were knowing and voluntary and therefore, valid.

Shrader asserts that the guilty plea and waiver of § 2255 rights are not valid because counsel did not provide effective assistance leading to his decision to accept the Plea Agreement and plead guilty. Specifically, Shrader alleges that counsel did no pretrial investigation of the strength or veracity of the government's case, did not review discovery materials with Shrader, did not develop a defense strategy for trial, did not investigate the likelihood that Shrader would qualify for a career criminal enhancement or communicate to Shrader the sentencing impact of that enhancement, and promised that a guilty plea would garner Shrader a 46-month sentence.

These claims, however, are based on assertions which are directly contradicted by Shrader's statements under oath during the guilty plea hearing. He affirmed that he was fully satisfied with counsel's representation, that he did not dispute the evidence offered in support of the guilty plea, and that no one had promised him anything outside the Plea Agreement that caused him to plead guilty.

Moveover, during the plea hearing itself, Shrader was clearly informed of the information he now claims counsel did not provide to him. The possibility of career criminal status and its sentencing impact were discussed in some detail in the Plea

Agreement itself and again during the hearing. Shrader failed to advise the court of any concerns he had regarding counsel's alleged lack of pretrial investigation, review of discovery, or discussion of sentencing expectations. Instead, under oath, Shrader indicated that he fully understood the elements of the offense, had had adequate time to discuss the case with counsel, understood and did not dispute the evidence against him, understood the consequences of his guilty plea and the Plea Agreement's terms, and was voluntarily pleading guilty because he was, in fact, guilty.

Based on the foregoing, I find that Shrader's claims of ineffective assistance leading to his guilty plea are so "palpably incredible" as to warrant summary dismissal, because they are based on assertions directly contradicted by his sworn statements during the guilty plea hearing.[2] *Lemaster*, 403 F.3d at 220-22. Shrader's other claims – that counsel was ineffective in failing to file presentencing motions regarding mitigation evidence and in advising Shrader not to appeal – have no bearing on the validity of the guilty plea and the waiver of § 2255 rights. Because Shrader fails to demonstrate any ground on which his waiver of § 2255 rights is invalid, he is bound by the waiver. With the exception of his claim alleging ineffective assistance regarding an appeal, his § 2255 claims must be dismissed as waived.

---

[2] In any event, for the reasons stated below, these claims of ineffective assistance leading to the guilty plea have no merit and therefore cannot invalidate the guilty plea or the waiver of § 2255 rights or provide grounds for relief.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When the defendant alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

1. Guilty Plea and Sentencing.

Shrader's claims of ineffective assistance preceding his guilty plea and sentencing are based on broad, conclusory statements. In response, counsel presents his affidavit, detailing the efforts he took to investigate the case and to review with Shrader the evidence against him and the sentencing possibilities he faced. The government's case was strong: a codefendant's admission that Shrader obtained a firearm and traded it for drugs and Shrader's own confession to the offense conduct.

Discovery indicated that Shrader had the requisite prior convictions to qualify for a armed career criminal enhancement, carrying a mandatory minimum sentence of 15 years. However, at one point, counsel had reason to believe that the government had overlooked this fact. He advised Shrader that only if this oversight were *not corrected*, would he escape the armed career criminal enhancement and be sentenced instead within a range of 46 to 57 months. Although the first presentence report bore out counsel's belief, as it did not classify Shrader as an armed career criminal, the government moved at sentencing to correct the mistake, and ultimately, Shrader received the enhancement. Even so, Shrader benefitted from a reduction in offense level, based on his acceptance of responsibility, which reduced his advisory guideline range from 262 to 327 months down to 188 to 235 months.

Shrader alleges no specific facts refuting counsel's detailed rendition of his efforts on Shrader's behalf. Moreover, he does not present any evidence that counsel would have discovered with additional pretrial investigation or demonstrate any possible defenses counsel could have developed on which Shrader could have hoped to achieve a more favorable outcome than he gained through acceptance of the Plea Agreement. Accordingly, Shrader fails to show a reasonable probability that absent counsel's alleged failings before the plea, he would have insisted on going to trial. Similarly, Shrader does not present any mitigation evidence that counsel would have

unearthed through presentencing motions or demonstrate a reasonable probability that any additional evidence offered at sentencing would have resulted in a lighter sentence, particularly since he received a sentence of 180 months, less than the low end of the advisory guidelines.[3]  Without making such a showing, he fails to demonstrate prejudice under *Strickland* as to any of his claims of ineffective assistance pretrial or at sentencing.  Thus, I find them to be without merit, in addition to being waived under Shrader's valid Plea Agreement.

2.  Appeal.

Shrader's claim that counsel provided ineffective assistance regarding his appeal is not waived under the Plea Agreement waiver of § 2255 rights.  This claim falls outside the scope of the waiver and must be addressed on the merits.  *See United States v. Embree*, 169 F. App'x 761, 762 (4th Cir. 2006) (unpublished) (holding that the defendant's waiver of collateral-attack rights did not preclude his claim that counsel failed to consult with him about an appeal).

The government argues that Shrader fails to state a viable claim, because he does not allege facts in support and because not filing an appeal was not ineffective

---

[3]  Shrader fails to offer any evidence indicating that his prior convictions did not qualify as prerequisites for a career criminal enhancement.  Moreover, counsel did make mitigation arguments, pointing out that Shrader's three prior convictions, collectively, involved only four pills and that the career criminal enhancement increased his sentence to four times the sentence to which he would otherwise have been subject.

assistance in light of the Plea Agreement waiver of appeal rights. I cannot find from the current record, however, that the defendant is not entitled to relief.

It is well-established that "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." *United States v. Witherspoon*, 231 F.3d 923, 926-927 (4th Cir. 2000) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)); *see also United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). "This is true even if the defendant has waived his right to appeal." *United States v. Santana*, 263 F. App'x 334, 335 (4th Cir. 2008) (unpublished); *see also United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) (holding that an attorney is required to file a notice of appeal when instructed to do so by the client, "even if doing so would be contrary to the plea agreement and harmful to the client's interests"). A habeas petitioner who proves these circumstances is entitled to appeal even if he does not or cannot demonstrate any likelihood that his appeal has any potential merit. *Rodriquez v. United States*, 395 U.S. 327, 329-30 (1969).

Thus, if Shrader can prove that he unequivocally instructed his attorney to file a notice of appeal, Shrader will be entitled to relief in the form of a new opportunity to pursue a direct appeal, despite his failure to demonstrate any likelihood of success on appeal. I find that this claim cannot be fully resolved on the existing record. Accordingly, I will deny the Motion to Dismiss on this claim and set the matter for an

evidentiary hearing. *See* 28 U.S.C.A. § 2255(b);[4] *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (finding that court should conduct evidentiary hearing in a § 2255 case when the existing record, including the affidavits and other submissions, does not conclusively show defendant not entitled to relief).

III

For the stated reasons, it is **ORDERED** as follows:

1. The government's Motion to Dismiss is GRANTED in part and denied in part;

2. The Motion to Dismiss is DENIED as to all of the defendant's claims except his claim that counsel provided ineffective assistance regarding an appeal;

3. The clerk shall schedule an evidentiary hearing at the United States Courthouse in Abingdon, on the sole claim that counsel provided ineffective assistance regarding appeal, and shall arrange for the

---

[4] Subsection 2255(b) states, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

defendant to participate in the proceeding via videoconferencing, if possible; and

4. The clerk shall arrange for the appointment of counsel to represent the defendant in this § 2255 action, pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (West 2000 & Supp. 2010).[5]

ENTER: March 3, 2011

/s/ JAMES P. JONES
United States District Judge

---

[5] The Federal Public Defender for this district may be disqualified from representing Shrader since that office represented a codefendant, Kenneth Ray Stevens, for a period of time in the case.